Judgment, Supreme Court, New York County (Charles H. Solomon, J., at initial severance motion; Bonnie G. Wittner, J., at further severance motion, jury trial and sentencing), rendered February 8, 2007, convicting defendant of conspiracy in the second degree and two counts of criminal sale of a controlled substance in the first degree, and sentencing him to an aggregate term of 30 years to life, unanimously affirmed.
Defendant challenges the sufficiency and weight of the evidence supporting one of his two convictions of first-degree criminal sale of a controlled substance. Defendant did not preserve his sufficiency claim, and we decline to review it in the interest of justice. As an alternative holding, we find that this conviction was based on legally sufficient evidence. We also find that it was not against the weight of the evidence (see People v Danielson, 9 *918 NY3d 342, 348-349 [2007]). The jury could have reasonably inferred, from all the surrounding circumstances, that defendant was not merely present at the sale in question, but that his role was to provide security and deter the buyer from attempting to take the drugs by force.
The motion and trial courts properly denied defendant’s severance motion, as evidence relating to the acts of his codefendants was admissible against defendant and necessary to prove conspiracy. We reject defendant’s argument that the trial evidence undermined the factual basis for joinder. On the contrary, this evidence, and the reasonable inferences to be drawn therefrom, were consistent with the People’s theory of joinder.
The fact that the court made three inquiries of the jury foreperson did not deprive defendant of a fair trial. The repeated inquiries were necessary because three separate issues arose during trial as to the foreperson’s ability to serve as a fair and impartial juror. We do not find that the repeated questioning was intimidating, or that it caused defendant any prejudice.
Defendant did not preserve any of his remaining claims regarding the court’s inquiries of the foreperson, or his present arguments regarding the discharge of another juror, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.